# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CINDY WIMBERLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GUARANTEED RATE, INC., A Delaware corporation. | ) Case No. 17 CV 3550 |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

## JURISDICTION AND VENUE

1. Plaintiff brings this action for unpaid overtime, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

2. The Court has jurisdiction of the federal claims under 28 U.S.C. §1331 and §1367.

3. The Court has supplemental jurisdiction over the state law claims.

4. Venue is appropriate under 28 U.S.C. §1391, because Defendant, Guaranteed Rate, Inc., is a company doing business in the State of Illinois, including this County, and throughout the United States.

## PARTIES

6. At all times relevant, Plaintiff Cindy Wimberly has been a resident of Will County, Illinois.

7. Plaintiff was, at all times relevant, a loan processor employed by Guaranteed Rate, Inc.

8. Defendant Guaranteed Rate, Inc. is a Delaware corporation with its executive offices in Chicago, Illinois. Guaranteed Rate has branch offices in 43 states and employs several hundred loan officers, including the plaintiff.

8. Defendant managed Plaintiff's work, including the amount of overtime required to be worked, in the Defendant's office located in DuPage County, in the State of Illinois. The Defendant dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of plaintiff.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff has been employed as a loan processor officer for Defendant at Defendant's office in Naperville, Illinois. The Plaintiff's primary duties are processing home mortgage loans. That is, as a loan processor, Plaintiff was responsible for completing loan file paperwork and gathering required necessary information.

10. During the statutory period, Plaintiff routinely worked in excess of forty (40) hours per week without overtime compensation.

11. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, specifically § 207(a)(1). As a result of this unlawful practice, Plaintiff suffered a loss of wages.

12. Defendant failed to pay overtime wages and other benefits to Plaintiff by intentionally, willfully and improperly directing her not to record overtime and then requiring her to work overtime.

13. Defendant's management was aware that Plaintiff was working overtime as evidenced by emails and phone calls that took place after regular hours. Defendant also accepted the benefits of Plaintiff's overtime.

## COUNT I
## FAIR LABOR STANDARDS ACTION, 29 U.S.C. § 201 ET SEQ., UNPAID WAGES/OVERTIME

14. Plaintiff repeats and re-alleges paragraphs 1 through 13 as though fully set forth herein.

15. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff regularly worked more than 40 hours per week, but were not paid overtime. Defendant failed to pay overtime wages and other benefits to Plaintiff

16. The foregoing actions of Defendant constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

17. Defendant is liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b).

## COUNT II

## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

18. Plaintiff repeats and realleges Paragraphs 1-13 as though fully set forth herein.

19. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

20. Defendant failed to pay Plaintiff for overtime hours worked.

21. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

22. Defendant is liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, by her attorneys, demands judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

A. Declare and find that the Defendant committed one or more of the following acts:
   i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;
   ii Willfully violated overtime provisions of the FLSA;
   iii. Willfully violated overtime provisions of Illinois Law;
   iv. Willfully violated wage payment provisions of Illinois Law;

B. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

C. Award liquidated damages, interest and 2% IWML penalties on all overtime compensation due accruing from the date such amounts were due;

D. For such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff demands trial by jury.


Dated: May 11, 2017                              Respectfully Submitted


                                                 /S/ John C. Ireland_____
                                                 Attorney for the Plaintiffs

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Fax 630-206-0889
attorneyireland@gmail.com